IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

TIZE CLARK *et al.*,

    Plaintiffs,

v.                                                                                             Civ. No. 14-965 KG/KK

JAMES DASHNER *et al.*,

    Defendants.

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO STAY DISCOVERY

THIS MATTER comes before the Court on Defendants Dashner's and Random House's Motion to Stay Discovery (Doc. 27), filed January 23, 2015, in which Defendant Twentieth Century Fox Film Corporation joined on the same date. (Doc. 28.) The Court, having reviewed the parties' submissions and the relevant law, and being otherwise fully advised, finds that Defendants' motion is well taken in part and should be GRANTED IN PART and DENIED IN PART.

In their motion, Defendants ask the Court to stay discovery indefinitely pending resolution of the dispositive motions they have filed.[1] In support of their request, Defendants argue that their motions to dismiss, if granted, would dispose of this case in its entirety; that the motions are likely to be granted; that allowing discovery to proceed before the motions are resolved would unduly burden Defendants and cause all parties to incur substantial expenses; and, that a stay of discovery would not prejudice Plaintiffs. (Doc. 27 at 3-8.) In their response to Defendants' motion to stay, Plaintiffs contend that a stay of discovery would prejudice them, because they need to take discovery to prove their claims and damages. (Doc. 30.) Plaintiffs

---

[1] Defendants Dashner and Random House, and Defendant Twentieth Century Fox Film Corporation, each filed a motion to dismiss Plaintiffs' complaint on January 20, 2015. (Docs. 22, 24.)

have not argued that they need discovery to enable them to respond to Defendants' motions to dismiss[2], nor have they identified any discoverable information that may be lost while discovery is stayed. (*See generally id.*)  Also, Plaintiffs have not addressed whether Defendants' motions to dismiss, if granted, would dispose of the entire case, and whether proceeding with discovery would unduly burden Defendants or cause all parties to incur unusual or prohibitive expenses. (*Id.*)  The Court notes, however, that Plaintiffs have not yet responded to Defendants' motions to dismiss.

This Court has broad discretion to stay proceedings incident to its power to manage its docket.  *Clinton v. Jones*, 520 U.S. 681, 706 (1997); *Abdulhaseeb v. Calbone*, 600 F.3d 1301, 1310 (10th Cir. 2010).  The Court may also issue a stay pursuant to Federal Rule of Civil Procedure 26(c), which for good cause shown allows the Court to limit discovery to protect a party from "annoyance, embarrassment, oppression, or undue burden or expense."  Fed. R. Civ. P. 26(c); *Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 692 (M.D. Fla. 2003); *Johnson v. N.Y. Univ. Sch. of Educ.*, 205 F.R.D. 433, 434 (S.D.N.Y. 2002).  The party seeking a stay bears the burden of establishing the need for it.  *Clinton*, 520 U.S. at 708.  In deciding whether to stay discovery, the Court may consider, *inter alia*, whether there are pending motions that would dispose of the entire case, and whether these motions appear meritorious or raise substantial concerns regarding the viability of the plaintiff's claims.  *Corwin v. Marney, Orton Inv.*, 843 F.2d 194, 200 (5th Cir. 1988); *Nankivil*, 216 F.R.D. at 692; *Johnson*, 205 F.R.D. at 434.  The Court should also balance any undue burden that discovery would impose against any prejudice a stay

---

[2] The discovery that Plaintiffs need, according to their response to Defendants' motion to stay, concerns issues distinct from the issues raised in Defendants' motions to dismiss. (*Compare* Docs. 22, 24 *with* Doc. 30.)  The motions to dismiss raise two questions, *i.e.*, whether Defendants' book and movie are substantially similar to Plaintiffs' copyrighted work, and whether federal copyright law preempts Plaintiffs' state law claims. (Docs. 22, 24.)  The discovery Plaintiffs seek, in contrast, concerns whether Defendants had access to Plaintiffs' copyrighted work, whether Defendants actually copied portions of the work, and Plaintiffs' damages. (Doc. 30.)

of discovery would cause. *GTE Wireless, Inc. v. Qualcomm, Inc.*, 192 F.R.D. 284, 289 (S.D. Cal. 2000). The party opposing a stay may demonstrate prejudice by showing that it needs particular discovery to respond to dispositive motions, *Weldon v. Ramstad-Hvass*, 512 F. App'x 783, 797 (10th Cir. 2013)[3]; *Brazos Valley Coalition for Life, Inc. v. City of Bryan, Texas*, 421 F.3d 314, 327 (5th Cir. 2005); *Jarvis v. Regan*, 833 F.2d 149, 155 (9th Cir. 1987), or that discoverable information may be lost during the pendency of the stay. *Clinton*, 520 U.S. at 707-08.

At this time, Defendants have shown, and Plaintiffs have failed to refute, that Defendants' motions to dismiss raise serious questions regarding the viability of Plaintiffs' claims and, if granted, would dispose of the entire case. Defendants have not shown, however, that discovery in this case will be unusually burdensome. *See WildEarth Guardians v. IRG Bayaud, L.L.C.*, 2014 WL 478296 at *7 (D. Colo. 2014) ("[T]he ordinary burdens associated with litigating a case do not constitute undue burden."). Plaintiffs, in turn, have shown that they will suffer some prejudice if discovery is stayed, by virtue of having the prosecution of their claims delayed. *Clinton*, 520 U.S. at 707-08. However, this prejudice is counterbalanced to some degree by the fact that Plaintiffs may find themselves solely responsible for both parties' litigation expenses if their complaint is ultimately dismissed. *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 (1994). A temporary stay of discovery is therefore appropriate. However, the Court requires a more fully developed record to determine whether an indefinite stay of discovery is needed, or whether a more narrowly tailored remedy will better balance the parties' competing interests.

---

[3] Unpublished decisions are not binding precedent in the Tenth Circuit, but may be cited for their persuasive value. *United States v. Austin*, 426 F.3d 1266, 1274 (10th Cir. 2005).

A Rule 16 Initial Scheduling Conference is scheduled in this matter for March 2, 2015 at 10:00 a.m. (Doc. 19.) The Court will stay discovery from the date of entry of this order through March 2, 2015. At the scheduling conference, Defendants may renew their motion for an indefinite stay of discovery. Counsel attending the conference should be prepared to address: (1) whether Plaintiffs require particular discovery to enable them to meaningfully respond to Defendants' motions to dismiss; (2) whether discoverable information may be lost while discovery is stayed; (3) whether discovery in this case is likely to be unusually or prohibitively expensive; and, (4) whether limited or phased discovery would enable Plaintiffs to obtain needed discovery while avoiding significant expense. Counsel should be prepared to specifically identify what discoverable information they believe the parties should or should not be allowed to seek.

IT IS THEREFORE ORDERED that Defendants' motion to stay discovery is GRANTED IN PART and DENIED IN PART. Discovery is stayed from the date of entry of this order through March 2, 2015.

IT IS SO ORDERED.

_____
KIRTAN KHALSA
UNITED STATES MAGISTRATE JUDGE