IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

TIZE CLARK *et al.*,

    Plaintiffs,

v.                                                          Civ. No. 14-965 KG/KK

JAMES DASHNER *et al.*,

    Defendants.

## ORDER DENYING PLAINTIFFS' MOTION FOR PHASED DISCOVERY

THIS MATTER comes before the Court on Plaintiffs' Motion for Phased Discovery and Lifting of Stay of Discovery ("Motion for Phased Discovery") (Doc. 51), filed April 14, 2015. The Court, having reviewed the parties' submissions and the relevant law, and being otherwise fully advised, finds that Plaintiffs' motion is not well taken and should be DENIED.

In their motion, Plaintiffs ask the Court to lift the stay of discovery that the Court entered on February 13, 2015 (Doc. 33), and extended on April 14, 2015 (Doc. 50), pending resolution of Defendants' Motions to Dismiss. (Docs. 22, 24.) Specifically, Plaintiffs ask the Court to allow them to take discovery on "case construction and liability," but not on damages, at this time. (Doc. 51 at 10.) This Court has broad discretion to stay proceedings incident to its power to manage its docket. *Clinton v. Jones*, 520 U.S. 681, 706 (1997); *Abdulhaseeb v. Calbone*, 600 F.3d 1301, 1310 (10th Cir. 2010). The Court may also issue a stay pursuant to Federal Rule of Civil Procedure 26(c), which for good cause shown allows the Court to limit discovery to protect a party from "annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c); *Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 692 (M.D. Fla. 2003); *Johnson v. N.Y. Univ. Sch. of Educ.*, 205 F.R.D. 433, 434 (S.D.N.Y. 2002). The party seeking a stay bears the burden of establishing the need for it. *Clinton*, 520 U.S. at 708. In deciding whether to stay

discovery, the Court may consider, *inter alia*, whether there are pending motions that would dispose of the case, and whether these motions appear meritorious or raise substantial concerns regarding the viability of the plaintiff's claims. *Corwin v. Marney, Orton Inv.*, 843 F.2d 194, 200 (5th Cir. 1988); *Nankivil*, 216 F.R.D. at 692; *Johnson*, 205 F.R.D. at 434.  The Court should also balance any undue burden that discovery would impose against any prejudice a stay of discovery would cause.  *GTE Wireless, Inc. v. Qualcomm, Inc.*, 192 F.R.D. 284, 289 (S.D. Cal. 2000).  The party opposing a stay may demonstrate prejudice by showing that it needs particular discovery to respond to dispositive motions, *Weldon v. Ramstad-Hvass*, 512 F. App'x 783, 797 (10th Cir. 2013)[1]; *Brazos Valley Coalition for Life, Inc. v. City of Bryan*, 421 F.3d 314, 327 (5th Cir. 2005); *Jarvis v. Regan*, 833 F.2d 149, 155 (9th Cir. 1987), or that discoverable information may be lost during the pendency of the stay.  *Clinton*, 520 U.S. at 707-08.

      The Court has considered all of the briefs associated with Defendants' Motions to Dismiss and Plaintiffs' Motion for Phased Discovery.  (Docs. 22, 24, 36, 38, 44, 46, 51-55.)  The Court has also carefully reviewed Plaintiffs' copyrighted work, as well as Defendants' allegedly infringing works, all of which have been lodged with the Court.  (Doc. 22 Exs. 1, 2; Doc. 24 Ex. C.)  This review confirms the Court's previous finding that Defendants' pending Motions to Dismiss raise serious and substantial questions regarding the viability of Plaintiffs' claims and, if granted, would dispose of the entire case.  (Doc. 33 at 3.)  In addition, the Court finds that the "phased" discovery Plaintiffs propose would be unusually burdensome, encompassing written

---

[1] Unpublished decisions are not binding precedent in the Tenth Circuit, but may be cited for their persuasive value. *United States v. Austin*, 426 F.3d 1266, 1274 (10th Cir. 2005).

discovery on a wide range of topics and numerous depositions of witnesses in several locations.[2] (Doc. 51 at 11-13; Doc. 53 at 6 & Ex. A.)

Plaintiffs will necessarily suffer some minimal prejudice if discovery is stayed, by virtue of having the prosecution of their claims delayed. *Clinton*, 520 U.S. at 707-08. However, three factors counterbalance this prejudice. First, Plaintiffs may find themselves solely responsible for both parties' litigation expenses if their complaint is ultimately dismissed. *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 (1994). Second, Plaintiffs' counsel has recently withdrawn his appearance, and Plaintiff Bau Publishing may be dismissed from the case if it does not retain new counsel by February 9, 2016. (Doc. 65.) Thus, at present, Plaintiffs would be well advised to resolve the issues related to their legal representation before undertaking costly discovery. Third, the corporate Defendants have informed the Court that they have preserved all discoverable documents and electronically stored information in their possession, (Doc. 43 at 1-2), while Defendant Dashner is subject to a comprehensive stipulated order requiring him to do likewise. (Doc. 49.) Discoverable information in Defendants' possession is therefore unlikely to be lost during the pendency of the stay. All of these factors mitigate the prejudice to Plaintiffs inherent in any stay of discovery.

Finally, the Court notes that Plaintiffs have still not identified any discovery that they need to respond to Defendants' Motions to Dismiss.[3] Defendants' dispositive motions turn on the discrete issue of whether Defendants' works, *i.e.*, the novel and film entitled *The Maze*

---

[2] In their reply in support of the Motion for Phased Discovery, Plaintiffs propose "a limit of five depositions from each party." (Doc. 55 at 14.) Assuming Plaintiffs eventually serve all of the named Defendants with process, Plaintiffs are proposing up to 40 depositions—*i.e.*, five for each of two Plaintiffs and six Defendants. Taking the depositions of 40 witnesses located in at least three different states seems to the Court likely to be quite costly indeed, particularly in light of the breadth of the topics on which Plaintiffs seek discovery. (Doc. 51 at 11-13; Doc. 53 at 6.)

[3] Although Plaintiffs contend that they need discovery regarding whether Defendants had access to Plaintiffs' copyrighted work, in fact, Defendants have conceded access for purposes of the Motions to Dismiss, and thus Plaintiffs do *not* need discovery on this issue to respond to the motions. (Doc. 24 at 13; Doc. 52 at 3.)

*Runner*, are substantially similar to the protectable expression in Plaintiff Clark's copyrighted work, *The Maze*.  (*See generally* Docs. 22, 24, 36, 38, 44, 46.)  The Court may decide this question as a matter of law based on a comparison of the works themselves, which are already lodged with the Court.  *Peter F. Gaito Architecture, L.L.C. v. Simone Dev. Corp.*, 602 F.3d 57, 63-65 ($2^d$ Cir. 2010); *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941-42 (10th Cir. 2002). "When a court is called upon to consider whether the works are substantially similar, no discovery or fact-finding is typically necessary, because what is required is only a . . . comparison of the works."  *Peter F. Gaito Architecture, L.L.C.*, 602 F.3d at 64.  For all of the above reasons, the Court finds that the stay of discovery pending resolution of Defendants' Motions to Dismiss remains appropriate and should not be lifted at this time.

      IT IS THEREFORE ORDERED that Plaintiffs' Motion for Phased Discovery (Doc. 51) is DENIED.

      IT IS SO ORDERED.

*/s/ Kirtan Khalsa*
_____
KIRTAN KHALSA
UNITED STATES MAGISTRATE JUDGE